IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV459-MU-02

| | |
|---|---|
| JAMES E. DUNCAN, III )<br>    Plaintiff, )<br> )<br>   v. )<br> )<br>TEDDY MALONEY, Public Defen- )<br>  der; )<br>CLAYTON L. JONES, Assistant )<br>  District Attorney; )<br>CATHERINE P. CHURCH, Charlotte)<br>  Mecklenburg Police Depart- )<br>  ment; and )<br>JOHN L. HURLOCKER, JR., Char- )<br>  lotte-Mecklenburg Police )<br>  Department, )<br>    Defendants. )<br>_____) | ORDER |

    **THIS MATTER** comes before the Court on initial review of the plaintiff's form-Complaint under 42 U.S.C. §1983, filed October 29, 2007. For the reasons stated herein, this Complaint will be dismissed in its entirety.

    By his Complaint, the plaintiff seeks to impose liability on his public defender and the prosecutor, both of whom are involved in his criminal prosecution. However, it is well settled that neither privately retained counsel, court-appointed counsel, nor a public defender is subject to liability under 42 U.S.C. §1983 absent a showing that counsel was acting under "color of law" at the time of the alleged deprivation. Hall v. Quillen, 631 F.2d

1154 (4th Cir. 1980)(affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lacking "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. §1983 action against retained counsel). Thus, on his allegations that these two attorneys essentially are ineffective, unprofessional and/or dragging their feet with his prosecution, the plaintiff simply cannot state a claim for relief against them.

Furthermore, although defendants Church and Hurlocker, as police officers, are amenable to suit under §1983, the plaintiff's allegations against them fall far short of stating any claim for relief. That is, the plaintiff merely alleges that these two defendants "threatened [him] and are both in violation for wrongful arrest. They discriminated against [him], telling [him] the day [of his arrest] that [he] was the only 'Black dude with' a history." Suffice it to say, this conclusory allegation is too insubstantial to state a claim for an equal protection violation under either §1983 or §1985(3). Accordingly, the plaintiff's entire Complaint must be dismissed for his failure to state a claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: November 7, 2007

Graham C. Mullen
United States District Judge